EFILE from: Good Law Clinic\Moloy Good\COMPLAINT - 4_9_2021 11_42_56 AM.tif

**7**

**E-FILED**

**04-09-2021, 11:44**
**Scott G. Weber, Clerk**
**Clark County**

1
2
3
4
5
6
7
8

## IN THE SUPERIOR COURT OF WASHINGTON
## COUNTY OF CLARK

9

**JAMES MATHEWS**

Plaintiff,

v.

**KARCHER NORTH AMERICA, INC.**

Defendant.

NO. 21-2-00653-06

COMPLAINT

Washington Law Against iscrimination
Wrongful Discharge in Violation of
Public Policy
Negligence

JURY TRIAL REQUESTED

10
11
12
13
14
15
16

COMES NOW Plaintiff James Mathews, by and through his attorney, Moloy K. Good of

Good Law Clinic, PLLC, and alleges as follows:

17

## I. PARTIES

18
19

1. Plaintiff James Mathews ("Plaintiff") is a resident of the State of Nevada. At the time of the

events described herein Plaintiff worked in Camas, Washington. Mr. Mathews is a man over

the age of 60.

20
21
22
23
24
25

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
7017 NE Highway 99 Suite 106
Vancouver, WA 98665
Phone: (360) 694-4530
Facsimile: (360) 694-4659
E-mail: moloy@goodlawclinic.com

NO.; COMPLAINT;
MATHEWS v. KARCHER NORTH AMERICA – Page 1

2. Defendant Karcher North America, Inc. ("Defendant"), upon information and belief, is a corporation that manufactures and sells cleaning equipment, and is properly licensed and doing business in the state of Washington. Defendant Karcher is incorporated under the laws of the State of Delaware with its principal offices located in Denver, Colorado.

3. At all relevant times, Defendant has continuously been doing business in the state of Washington, and has continuously had at least 15 employees.

4. At all relevant times, Defendant has continuously been an employer within the meaning of RCW 49.60.040(11).

## II. FACTUAL ALLEGATIONS

5. Plaintiff reasserts and re-alleges the allegations set forth above.

6. Plaintiff was employed by Defendant as a Senior Human Resources Generalist. Plaintiff was employed at Defendant's Camas location, in Clark County. He began working for Defendant in September of 2014.

7. Plaintiff complained to Defendant that he was being treated differently by his supervisor, Lauren Choate, based on his sex, age, or both. This complaint was received by Defendant on or about March 6, 2019.

8. On or about April 22, 2019 Defendant, by and through Plaintiff's supervisor, terminated Plaintiff. Defendant did not give a reason why it was terminating Plaintiff. His supervisor only alleged that he had been "disrespectful" to her and Defendant, but refused to provide any examples of Plaintiff's alleged disrespectful behavior.

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
7017 NE Highway 99 Suite 106
Vancouver, WA 98665
Phone: (360) 694-4530
Facsimile: (360) 694-4659
E-mail: moloy@goodlawclinic.com

NO.; COMPLAINT;
MATHEWS v. KARCHER NORTH AMERICA -- Page 2

9.  Plaintiff's supervisor told other managers at the Camas facility that Plaintiff was terminated due to "irreconcilable differences" she had with Plaintiff. She did not provide any examples of what those differences were.

10. Plaintiff's performance for Defendant was excellent. Plaintiff received merit pay raises in 2015, 2016, 2018, and 2019. Defendant did not give out merit pay raises in 2017.

11. Plaintiff received his 2019 merit pay raise on the same day he was terminated.

12. Plaintiff did not receive regular annual performance evaluations. His supervisor, Ms. Choate, was responsible for conducting his annual performance reviews. She failed to conduct his reviews in 2015, 2016, and 2017. She completed a partial review in 2018 where she described Plaintiff as "solid" and "on track." She did not make any negative comments about Plaintiff on his partial 2018 review.

13. When Ms. Choate terminated Plaintiff she told him that he would be paid through May 3, 2019.

14. After Plaintiff was told he was being terminated he complained to Ms. Choate that she was not treating him fairly.

15. In response to this complaint Ms. Choate unilaterally changed his final date of pay to April 30, 2019. As a result of this change Plaintiff lost his group health insurance for May of 2019.

16. In his complaint from March 6, 2019, Plaintiff described how he was treated differently than at least two different employees who were women and were younger than Plaintiff.

17. One employee, who was a woman and younger than Plaintiff, had a higher salary than Plaintiff despite the fact she had the same job as him, had been with the company less time than him, and had at least 10 years less experience in Human Resources than him.

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
7017 NE Highway 99 Suite 106
Vancouver, WA 98665
Phone: (360) 694-4530
Facsimile: (360) 694-4659
E-mail: moloy@goodlawclinic.com

NO.; COMPLAINT;
MATHEWS v. KARCHER NORTH AMERICA -- Page 3

18. Another employee, who was also a woman and younger than Plaintiff, was initially hired to the same position as Plaintiff, but was then promoted after less than a year with Defendant. This employee also had at least 10 years less experience in Human Resources than Plaintiff. She was also hired almost two years after Plaintiff was hired.

19. Plaintiff also described how during his tenure with Defendant, 75% of the male managers and Human Resources Generalists had been terminated or quit, while only 62.5% of the female managers and Human Resources Generalists had been terminated or quit.

20. Plaintiff advocated for his equal employment rights. As a result, he was terminated.

21. Subsequent to his termination, Defendant has stated that Plaintiff is not eligible for re-hire to prospective employers.

22. Plaintiff had a legal right to complain about sex and age discrimination by Defendant.

23. By complaining about sex and age discrimination, Plaintiff was reporting misconduct by his employer.

24. The degree of wrongdoing by Defendant was great because its actions and inactions posed serious risks to the rights of employees to be treated fairly in the workplace.

25. Plaintiff reported Defendant's wrongdoing in a reasonable manner.

26. Federal law and Washington state have a clear public policy prohibiting sex and age discrimination in employment.

27. The foregoing policies are jeopardized if employees are terminated because they make complaints that their employer is acting in violation of these policies.

28. Defendant discharged Plaintiff because he complained about sex and age discrimination.

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
7017 NE Highway 99 Suite 106
Vancouver, WA  98665
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

NO.; COMPLAINT;
MATHEWS v. KARCHER NORTH AMERICA – Page 4

29. Defendant did not have an overriding justification for Plaintiff's dismissal that is unrelated to Plaintiff's public-policy-linked conduct.

30. Defendant had a duty to operate its affairs in a manner free from unlawful discrimination.

31. Defendant had a duty to hire, train, supervise and discipline its employees or agents in a fashion that assures compliance with state and federal laws.

32. Defendant was negligent in its hiring, supervision and training of its employees or agents who were charged with ensuring compliance with state and federal laws.

33. Defendant violated its duty of care as the Plaintiff's employer.

34. Defendant's unlawful conduct caused Plaintiff to suffer lost wages, injury, mental anguish, humiliation, embarrassment, physical harm, insult, indignation, fear, anxiety, and nervousness for which he should be compensated at trial.

## III.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Washington Law Against Discrimination — Retaliation)

35. Plaintiff reasserts and re-alleges the allegations set forth above.

36. By engaging in the conduct described above, Defendant violated the Washington Law Against Discrimination by:

   a. Discriminating against Plaintiff because he opposed unlawful sex and age discrimination practices;

### SECOND CLAIM FOR RELIEF
### (Wrongful Termination)

37. Plaintiff reasserts and re-alleges the allegations set forth above.

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
7017 NE Highway 99 Suite 106
Vancouver, WA  98665
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

NO.; COMPLAINT;
MATHEWS v. KARCHER NORTH AMERICA -- Page 5

38. Defendant wrongfully discharged Plaintiff because:

      a.  He reported unlawful discrimination based upon sex and age to Defendant.

39. Defendant does not have an overriding justification for Plaintiff's dismissal that is unrelated to Plaintiff's public-policy-linked conduct.

## THIRD CLAIM FOR RELIEF
### (Negligence)

40. The foregoing paragraphs are herein incorporated by reference.

41. Defendant had a duty to operate its affairs in a manner free from unlawful discrimination and retaliation.  Defendant further had a duty to hire, train, supervise and discipline its employees or agents in a fashion that assures compliance with federal and state laws.

42. Defendant had a duty to use reasonable or ordinary care to avoid violating Plaintiff's right to employment free from discrimination and retaliation.

43. Defendant breached its duties to Plaintiff by terminating his employment in violation of his rights.  Defendant further breached its duties to Plaintiff by failing to hire, supervise and train their agents and employees who were charged with insuring compliance with Plaintiff's rights.

## IV.  PRAYER FOR RELIEF

WHEREFORE, plaintiff now asks the Court for the following relief:

44. To award Plaintiff compensatory damages from Defendant in amounts to be determined at trial, plus interest from the date of judgment on his Washington Law Against Discrimination claim;

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
7017 NE Highway 99 Suite 106
Vancouver, WA  98665
Phone:  (360) 694-4530
Facsimile:  (360) 694-4659
E-mail:  moloy@goodlawclinic.com

NO.; COMPLAINT;
MATHEWS v. KARCHER NORTH AMERICA – Page 6

45. To award Plaintiff compensatory damages from Defendant in amounts to be determined at trial, plus interest from the date of judgment on his negligence claim;

46. To award Plaintiff his costs and attorney fees pursuant to RCW 49.60.030; and

47. To grant such other relief as is just and appropriate.


DATED this 7th day of April, 2021.


THE GOOD LAW CLINIC


MOLOY K. GOOD WSBA#36036
(360) 694-4530
Attorney for Plaintiff

The Good Law Clinic, PLLC
WSBA#36036•OSB#012636
7017 NE Highway 99 Suite 106
Vancouver, WA 98665
Phone: (360) 694-4530
Facsimile: (360) 694-4659
E-mail: moloy@goodlawclinic.com

NO.; COMPLAINT;
MATHEWS v. KARCHER NORTH AMERICA — Page 7